[No. 8850. Department One. — May 28, 1885.]

SAMUEL BARNETT ET AL., RESPONDENTS, v. COUNTY OF CONTRA COSTA, APPELLANT.

COUNTIES—LIABILITY FOR INJURIES FROM DEFECTIVE BRIDGE.—A *quasi* corporation, such as a county, is under no common-law obligation to repair highways, streets, or bridges within its limits; and even when the legislature enjoins such a duty, a county is not liable to be sued for damages caused by neglect to perform the duty, unless the action is expressly given by statute. Section 50 of the act, entitled "an act concerning roads and highways in Contra Costa County"—Stats. 1875-76, p. 237—which makes the county "responsible for providing and keeping passable and in good repair, bridges and all public highways," does not create such a liability.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Eli R. Chase,* and *Flournoy, Mhoon & Flournoy,* for Appellant.

The county is not a municipal corporation. (*People* v. *Sacramento County,* 45 Cal. 692; Dillon on Municipal Corp. § 10; Potter on Corp. § 420). It is an involuntary *quasi* corporation. (*Hunsaker* v. *Borden,* 5 Cal. 288; *Price* v. *Sacramento,* 6 Cal. 254; *Sherbourne* v. *Yuba Co.* 21 Cal. 113; Boone on Corp. §§ 10, 314; Dillon on Corp. § 10, citing *Hamilton Co.* v. *Mighels,* 7 Ohio St. 109). Counties are not liable to persons injured by the wrongful neglect or wrongful acts of their officers, unless such liability be *expressly* imposed by statute. (*Symonds* v. *Supervisors etc.* 71 Ill. 355; *State* v. *St. Louis Co. Court,* 34 Mo. 546; *Peters* v. *State,* 9 Ga. 109; *Scales* v. *Ordinary etc.* 41 Ga. 221; Dillon on Corp. § 762, citing *Treadwell* v. *Commissioners,* 11 Ohio, 190; *Hedges* v. *Madison,* 1 Gilm. 567; *Freeholders* v. *Strader,* 3 Har. (N. J.) 108; Dillon on Corp. §§ 786, n., 996; *Crowell* v. *Sonoma Co.* 25 Cal. 313; *Huffman* v. *San Joaquin Co.* 21 Cal. 427; *Winbigler* v. *Los Angeles,* 45 Cal. 36; *Oliver* v. *Worcester,* 102 Mass. 489; *Chidsey* v. *Canton,* 17 Conn. 475; *Mower* v. *Leicester,* 9 Mass. 247; *Reed* v. *Belfast,* 20 Me. 248.) The plaintiff has her action against the supervisors. (Pol. Code, § 4086; *Santa Cruz R. R. Co.* v. *Santa Cruz Co.* 62 Cal. 181.)

*Naphtaly, Freidenrich & Ackerman,* and *L. Quint,* for Respondents.

Section 50 of the Act of 1876 was designed to fix the liability on the *county.* (Stats. 1875–76, p. 237; 1877–78, p. 611; 1855, pp. 51, 192; Pol. Code, §§ 4000, 4001, 4003.)

Ross, J.—"In the United States *there is no common-law* obligation resting upon *quasi* corporations, such as counties, townships, and New England towns, to repair highways, streets, or bridges within their limits, and they are not obliged to do so unless by force of statute. Even when the legislature enjoins upon corporations of this character the duty to make and repair roads, streets, and bridges, and confers the power to levy taxes therefor, the general tenor of the decisions is to treat this as a *public* and not a *corporate* duty, and to regard such corporations, in this respect, as *public or State agencies,* and not liable to be sued civilly for damages caused by the neglect to perform this duty, unless the action be expressly given by statute." (2 Dillon Mun. Corp. § 996.) Such is the rule in this State. (*Sherbourne* v. *Yuba Co.* 21 Cal. 113; *Huffman* v. *San Joaquin Co.* 21 Cal. 427; *Crowell* v. *Sonoma Co.* 25 Cal 313; *Winbigler* v. *Los Angeles,* 45 Cal. 36.)

It is said for the plaintiff that the legislature, by section 50 of the act, entitled "an act concerning roads and highways in Contra Costa County" (Stats. 1875–76, p. 237), has made that county responsible in damages for injuries resulting from defective bridges therein. The section reads as follows:—

"The county is responsible for providing and keeping passable and in good repair bridges and all public highways; and the supervisors must appoint semi-annually a special meeting, at which the road overseers, on days set apart for their respective districts, to hear highway and bridge reports and complaints from officers and citizens, when such orders must be made and such action had regarding the same as the public welfare demands."

It is not an easy matter to say exactly what this language does mean, but we are inclined to think that its effect, which is in harmony with previous provisions of the act, simply is to put upon the county, through its supervisors and road overseers,

the responsibility and duty of keeping passable and in good repair all bridges and public highways within the county. It certainly does not say that the county shall be responsible *in damages* for a failure to keep the bridges in repair, nor in our opinion, is such the effect of the language used. The rule that the county was not responsible for injuries in such cases was firmly established by the decisions in this State at the time the act in question was passed; and if the legislature had intended to alter it, it is to be presumed that it would have used appropriate language for the purpose. Certainly, it ought not to be held that an established rule of law has been changed by doubtful and ambiguous language.

Judgment and order reversed, and cause remanded.

McKINSTRY, J., and McKEE, J., concurred.