## SMITH v. BOARD OF COUNTY COMMISSIONERS OF CARLTON COUNTY.

*(Circuit Court, D. Minnesota, Fifth Division. May 12, 1891.)*

COUNTIES—LIABILITY FOR TORTS.

> Plaintiff, the employe of an independent contractor, engaged in building a bridge on a county road, was injured by the negligent explosion of a charge of dynamite by the agents of defendant county while blasting and building an approach to the bridge. *Held*, in an action for damages, that counties are not liable for the torts of their officers acting within the line of their authority, unless made so by statute.

At Law. On demurrer to complaint.

*Arctander & Arctander*, for plaintiff.

*Alpheus Woodward*, Co. Atty., for defendant.

NELSON, J. The complaint in substance charges that on January 24, 1889, the plaintiff was an employe of an independent contractor of defendant, then engaged in building a bridge in Carlton county; that it was plaintiff's duty to carry lumber on to the bridge, and, while so engaged, the defendant fired a charge of dynamite while blasting and building an approach to said bridge, without notice or warning, and in such dangerous and careless manner, as, by reason thereof, to cause a rock to fly from such blast, and injure the plaintiff. The complaint is predicated upon a negligent affirmative act on the part of the defendant in making a careless blast while engaged in building a bridge or the approaches thereto on a county road in Carlton county, whereby plaintiff was injured without his fault. The weight of authority is against the position taken by the plaintiff in bringing this suit. While the cases are conflicting, and there are difficulties in the way of maintaining the distinctions made, the prevailing rule is that counties are under no liability in respect to torts except as imposed by statute, and are not liable for damages occasioned by reason of the negligence of the county commissioners themselves, or the negligence of persons employed by them to aid in the discharge of official duties. The supreme court of Minnesota is emphatic in sustaining the rule that the counties are subordinate political subdivisions of the state, and the county officers public officials performing their duties under the authority of the state; and, being subdivisions of the state, created for certain political and administrative purposes, are not liable for tort of their officers acting within the line of their authority, unless made so by statute. *Dosdall* v. *Olmsted Co.*, 30 Minn. 96, 14 N. W. Rep. 458. There is no state law imposing liability, as claimed by the plaintiff. In the state of Ohio the same view is entertained in an able and elaborate opinion by the supreme court. *Hamilton Co.* v. *Mighels*, 7 Ohio St. 109. The injury complained of was the result of the negligence of the county commissioners in the discharge of a public duty. Demurrer sustained.