## BAILEY v. LAWRENCE COUNTY.

1. A county is not liable in an action for damages caused by the neglect of its officers to keep in repair a bridge upon a public highway within its limits, unless such action is expressly given by statute.

2. Notwithstanding that the statute of this state imposes upon the boards of county commissioners the duty of keeping in repair the bridges in counties having no township organizations, and provides the method and means of raising revenue for that purpose, in the absence of an express statute making such county liable to an action for damages caused by a neglect of such duty, no action lies against the county by a private individual.

(Syllabus by the court.    Opinion filed May 28, 1894.)

Appeal from circuit court, Lawrence county.    Hon. CHAS. M. THOMAS, Judge.

Action to recover damages for injuries caused by a defective bridge.    Judgment for defendant, and plaintiff appeals.    Affirmed.

The facts are fully stated in the opinion.

*Edwin Van Cise*, for appellant.

The counties in this state being charged with the management, construction and repair of bridges, and being created corporations, liable to sue and be sued, and having power to collect and pay judgments and power to levy and collect any ordinary bridge tax, and a special tax on vote of the people, must be held liable for their neglect either in the manner of the construction of a county bridge or in allowing it to fall out of repair and failing to make the necessary repairs thereon, after notice.    N. Y. v. Furze, 3 Hall 612; Supervisors v. U. S., 4 Wall. 435; Springfield Milling Co. v. Lane Co., 5 Ore. 269;

People v. Supervisors of Otsego Co., 51 N. Y. 401; City of Galena v. Amy, 5 Wall. 705; U. S. v. New Orleans, 98 U. S. 394; City of Rahway v. Munday, 43 N. J. Law 416; Wilson & Gustin v. Jefferson Co., 13 Ia. 181; Brown v. Jefferson Co., 16 Ia. 339; Kendall v. Lucas Co. 26 Ia. 395; Moreland v. Mitchell Co., 40 Ia. 394; Davis v. Allamakee Co., 40 Ia. 217; Chandler v. Freemont Co., 43 Ia. 58; Bell v. Foutch, 21 Ia. 119; Barrett v. Brooks, Id. 144; Comrs. of Baltimore Co. v. Baker, 44 Md. 1; Comrs. of Anna Arundel Co. v. Duckett, 20 Md. 468; Comrs. of Calvert Co. v. Gibson, 36 Md. 229; Flynn v. Comrs. of Canton Co., 40 Md. 313; Same case 17 Am. Rep. 603; Hartford Co. Comrs. v. Hamilton, 60 Md. 340; County v. Wise, 18 Atl. Rep. 31; House v. B. of Comrs., 60 Ind. 580; Board, etc., v. Deprez, 87 Ind. 509; Board, etc., v. Brown, 89 Ind. 48; Board, etc., v. Legg, 93 Ind. 523; Board, etc., v. Emmerson, 95 Ind. 579; Board, etc., v. Bacon, 96 Ind. 31; Patton v. Board, etc., 96 Ind. 131; Sullivan Co. v. Arnett, 19 N. E. Rep. 299; Twp. of Newlin v. Davis, 77 Pa. St. 317; Mahony Tp. v. Scholly, 84 Pa. St. 136; Rigony v. Schuylkill Co., 103 Pa. St. 382; Shadler v. Blair Co., 20 Atl. Rep. 539; McCalla v. Multnomah Co., 3 Ohio 424; Ford v. Umatilla Co., 16 Pac. Rep. 33; Eastman v. Co. of Clackamas, 32 Fed. Rep. 24; Hill v. Boston, 122 Mass. 344; Lyman v. Co. of Hampshire, 140 Mass. 311; State *ex rel.* Reeves v. Supervisors Wood Co., 41 Wis. 28; Co. Wyandotte v. City Wyandotte, 29 Kan. 431; Hannon v. St. Louis Co., 62 Mo. 313; Hedges v. Madison Co., 6 Ill. 571; Elliott, Roads and Bridges, 40–2.

*William G. Rice, State's Attorney Lawrence County,* for respondent.

Counties are *quasi* corporations created for governmental purposes, and as such are a part of the state, and are not liable to an action in damages, unless made so by an express statute. Templeton v. Linn Co., 29 Pac. 795; Freeholders, etc., v. Strader, 3 Har. (N. J.) 108; Larilord v. Monroe, 11 N. H. 392; Bartlett v. Crozier, 17 Johns. 439; Addison on Torts, p

1308; Larkin v. Saginaw Co., 11 Mich. 88; Perry v. Jersey City 32 N. J. Law 394; Sutton v. Board, 41 Miss. 236; White v. Bond Co., 58 Ill. 297; Town of Waltham v. Kemper, 55 Ill. 346; 2 Dil. Municipal Cor., §§ 963, 997, 998, 1003; Brobham v. Hinds Co., 54 Miss. 363; Hollenbeck v. Winnebago Co., 95 Ill. 148; Granger v. Pulaski Co., 26 Ark. 37; White v. Chowan Co., 90 N. C. 437; Huffman v. San Joaquin Co., 21 Cal. 427; Askew v. Hale Co., 54 Ala. 639, (S. C. 25 Am. Rep. 730); Woods v. Colfax Co. Comrs., 10 Neb. 552; Kincaid v. Hardin Co., 5 N. W. 590; Lane v. Woodberry, 58 Ia. 462; Bartlett v. Crozier, 17 Johns. 439; Farnum v. Canord, 2 N. H. 392; Adams v. Burk, 1 Me. 361; Baxter v. Co., etc., 22 Vt. 123; Beardsley v. Smith, 16 Conn. 375; Chidsey v. Canton, 17 Conn. 475; Niles Tp. Comrs. v. Martin, 4 Mich. 557; Lorilard v. Monroe, 11 N. Y. 392; Reardon v. St. Louis Co., 36 Mo. 555; Litz v. Kan. City, 84 Mo. 632; Treadwell v. Hancock Co., 11 O. St. 190; Altnow v. Town of Sibley, 30 Minn. 186; Board of Commrs. Sibley Co. v. Riggs, 24 Kan. 255.

The fact that under the provisions of our statute counties may sue and be sued, plead and be impleaded in the courts of this state, and the board of county commissioners shall construct and repair bridges, and have power to levy a tax for that purpose, does not change the rule. Hills v. Boston, 112 Mass. 344; Freeholders, etc., v. Strader, 3 Har. (N. J.) 108; Comrs. of Highways v. Martin, 4 Mich. 557; Hamilton Comrs. v. Martin, 7 O. St. 109; Askew v. Hale Co., 54 Ala. 639 (S. C. 25 Am. Rep. 730); Reardon v. St. Louis Co., 36 Mo. 555.

CORSON, P. J.   This was an action for damages for injuries sustained by the plaintiff by reason of a defective bridge, and the case comes before us on an appeal from the order of the circuit court sustaining the demurrer, and involves the question of the liability of a county in this state for an injury resulting from a defective bridge constructed by a county, constituting a part of the public highway. It is alleged in the

complaint, in substance, that the bridge upon which the injury occurred was erected and constructed by, and under the direction of, the defendant county, and that it was the defendant's duty to keep, maintain and operate it for the public benefit, but that by reason of the negligence of the defendant, and disregard of its said duty, it had become unsafe, fallen out of repair, and was dangerous and unfit to be used, to the knowledge of the defendant, at the time of the injury complained of; that neither the plaintiff nor his agent had any knowledge or information that the said bridge was defective, out of repair, and dangerous, and that while plaintiff's agent was crossing the same as a traveler upon the highway, and without fault on the part of the plaintiff or his agent, the said bridge fell, precipitating said agent and the buggy and horses of the plaintiff into the stream below, by reason of which they were injured, and plaintiff damaged, etc. The respondent county contends that in this state no county is liable for injuries from a defective bridge on a public highway, without regard to the fact of whether or not the county, or its agents and servants, had knowledge of such defect. The appellant contends that under the laws of this state making counties corporations, imposing upon them the duties of keeping in repair the bridges upon the public highways, and conferring upon them the power to raise by taxation the funds necessary to keep such bridges in repair, there is imposed upon such counties the implied liability to answer in damages for injuries sustained from a defective or unsafe bridge.

The proposition that at common law a county is not liable for an injury resulting from a defect in a bridge upon a public highway is sustained by the great weight of authority. From the numerous decisions upon this question, we cite the following: Templeton v. Linn Co., 22 Or. 313, 29 Pac. 795. Lorillard v. Town of Monroe, 11 N. Y. 392; Askew v. Hale, 54 Ala. 639; Clark v. Adair Co., 79 Mo. 536; Granger v. Pulaski Co., 26 Ark. 37; White v. County of Bond, 58 Ill. 297; White v. Com-

missioners, 90 N. C. 437; Brabham v. Supervisors, 54 Miss. 363; Downing v. Mason Co., 87 Ky. 208, 8 S. W. 264; Barnett v. Contra Costa Co., 67 Cal. 77, 7 Pac. 177; Scales v. Ordinary of Chattahooche Co., 41 Ga. 225; Board of Comrs. v. Riggs, 24 Kan. 255; Watkins v. County Court, 30 W. Va. 657, 5 S. E. 654; Fry v. County of Albemarle, 86 Va. 195, 9 S. E. 1004; Woods v. Colfax, 10 Neb. 552, 7 N. W. 269; Commissioners v. Mighels, 7 Ohio St. 109; Smith v. Board, 46 Fed. 340; Barnes v. District of Columbia, 91 U. S. 552; Cooley Const. Lim. (6th Ed.) 301; Dill. Mun. Corp., §§ 996, 997, 999; Elliott, Roads & S. p. 42; Baxter v. Turnpike Co., 22 Vt. 123; Ward v. County of Hartford, 12 Conn. 404; Commissioners v. Martin, 4 Mich, 557; Adams v. Bank, 1 Me. 361; Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877; Freeholders v. Strader, 18 N. J. Law, 108; Farnum v. Concord, 2 N. H. 392; Morey v. Town of Newfane, 8 Barb. 645.   And, for a full discussion of the question, see opinion of Mr. Justice GRAY in Hill v. Boston, 122 Mass. 344.   The learned counsel for the appellant has furnished us with a very able and exhaustive brief in support of the position taken by him, and has called to our attention the fact that the supreme courts of Iowa, Indiana, Pennsylvania, Maryland and Oregon have held the doctrine he contends for.   From the numerous cases cited from these five states, we only deem it necessary to cite the leading case from each of the states establishing the doctrine contended for.   Wilson v. Jefferson Co., 13 Iowa 181; Commissioners v. Baker, 44 Md. 1; House v. Board, 60 Ind. 580; Rapho Tp. v. Moore, 68 Pa. St. 404; McCalla v. Multnomah Co. 3 Or. 424.   The Maryland decisions we have not access to, but those of the other states we will refer to; and we are of the opinion that, when the latter cases in Iowa and Indiana are considered, it will be found that the doctrine laid down in the earlier cases is followed as authority, but not approved, by the later judges.   The case cited from Oregon was decided under a statute of that state then in force, which provided as follows: "An action may be maintained against a county   *   *   *   *   *

for an injury to the right of the plaintiff, arising from some act or omission of such county or other public corporation." In 1887 that statute was amended by striking out all after "for an injury," etc. Since that amendment was made the case of Templeton v. Linn Co., *supra*, has been decided by that court, holding that the county is not liable for an injury caused by a defective bridge. In Indiana, where the court still holds counties liable in this class of cases, it is quite evident from a recent decision made by that court that, if the question was a new one in that state, the present court would not so hold. In the case of Board v. Dailey, 132 Ind. 73, 31 N. E. 531, Mr. Justice MILLER speaking for the court, says: "The appellee brought this action against the appellant to recover damages for a personal injury occasioned by the alleged negligence and carelessness of appellant in the care and control of the court house of Vigo county. * * * It is now well settled that counties are involuntary corporations, organized as political subdivisions of the state for governmental purposes, and not liable, any more than the state would be liable, for the negligence of its agents or officers, unless made liable by statute. * * * There may be little distinction between the duties imposed upon boards of commissioners in the care and management of bridges and of public buildings; but, while we regard the liabilities of counties for negligence in failing to keep bridges in repair as well settled, we recognize the fact that the weight of authority is the other way (Board v. Chipps [Ind. Sup.] 29 N. E. 1066; Elliott Roads & S. 42, *supra*), and are not disposed to extend the rule so as to embrace other cases. * * *" A similar view is taken by the later Iowa cases. In Kincaid v. Hardin Co., 53 Ia. 430, 5 N. W. 589, the court says: "It is insisted by counsel for appellant that the defendant must be held liable, in the case at bar, because such liability rests upon the same ground, and is controlled by the same principles, as the cases involving liability for injuries caused by defective bridges. It must be admitted that a distinction in principle between an injury resulting

from a defective county bridge and one caused by a defective
and improperly constructed court house is not very plain nor
easily demonstrated. But as the line of decisions in this state
as to the liability for defective bridges stands almost, if not
quite alone, as we have seen, we have no disposition to carry
the doctrine further than is necessary to sustain the decisions
of the court, which have stood so long that it may truthfully be
said they have the implied sanction of the lawmaking power
and the people of the state." The admission that the line of
decisions in that state holding a county liable for injuries
caused by defective bridges "stands almost, if not quite, alone,"
and the refusal of that court to extend the rule to an injury
caused by a defective courthouse, is very significant, and mer-
its careful attention. Pennsylvania holds to the doctrine
of the liability of counties for such injuries. Shadler v.
Blair Co., 136 Pa. St. 488, 20 Atl. 539. It may be that the
rule established in that state, where the counties are densely
populated, and contain a large amount of taxable property, is a
very proper one; but the same rule applied to the sparsely set-
tled counties of the west, might result in great inconvenience
to, if not in the bankruptcy of, the poorer counties. The
ground upon which it is held that counties are not liable for
damages in actions of this character is that they are involuntary
political divisions of the state, created for governmental pur-
poses, and are organized without regard to the consent or dis-
sent of the inhabitants; and the theory upon which municipal
corporations, proper, are held liable in such cases, is that they
are voluntary associations created and organized at the solici-
tation of, and with the free consent of, the inhabitants, under
the laws of the state, and that the benefits accruing to the peo-
ple by such incorporation compensate them for the liability.
Practically, there may not be much force in this distinction,
but upon this distinction have been based too many
decisions to now attempt to disturb them. See opin-
ion of Selden, J., in Weet v. Trustees, reported in 16

N. Y. 161, note. And it may be, and undoubtedly is, true that too much importance was originally attached to the decision in the case of Russell v. Inhabitants, decided in 1788 by the court of king's bench of England, and reported in 2 Term R. 667. But, following that decision, the courts of most of the states in the union have held the doctrine of the nonliabilty of counties for damages in this class of cases. The leading case in this country upon the question in controversy is Riddle v. Proprietors (decided in 1810) 7 Mass. 169. In that case PARSON, C. J., says: "We distinguish between proper aggregate corporations and the inhabitants of any district, who are, by statute, invested with particular powers without their consent. These are, in the books, sometimes called '*quasi* corporations.' Of this description are counties and hundreds in England, and counties, towns, etc., in this state. Although *quasi* corporations are liable to information or indictment, for a neglect of public duty imposed on them by law, yet it is settled in the case of Russell v. Inhabitants that no private action can be maintained against them for a breach of their corporate duty unless such action be given by statute." Mower v. Leicester, 9 Mass. 247. In Hill v. Boston, *supra*, Mr. Justice GRAY says: "These cases have ever since been considered as having established in this commonwealth the general doctrine that a private action cannot be maintained against a town, or other *quasi* corporation, for the neglect of a corporate duty, unless such action is given by statute."

While, in this state, counties are made corporations for civil and political purposes only, they are corporations with comparatively limited powers; and while it is true that the legislature has imposed upon counties the duty of keeping in repair the bridges on the public highways, and provided the method for raising revenue by taxation requisite for such purpose, yet to hold that the counties are thereby made liable for injuries caused by defects in such bridges, in the absence of legislation making them so liable, would be a species of judi-

cial legislation.   In  Barnett v.  Contra  Costa  Co., 67 Cal. 77, 7
Pac. 177, the supreme  court, speaking  by  Mr.  Justice ROSS,
says:  "In the United States  there is  no  common  law obliga-
tion resting  upon  *quasi*  corporations, such  as  counties, town-
ships and  New  England  towns, to  repair  highways, streets or
bridges within their limits, and they  are  not  obliged  to do so,
unless by force  of  statute.   Even when  the legislature enjoins
upon corporations of this  character  the  duty  to  make  and re-
pair roads, streets, and  bridges, and  confers the power to levy
taxes therefor, the general tenor of the decisions is to treat this
as a public, and  not a  corporate, duty, and  to  regard  such cor-
porations, in this respect, as  public  or  state  agencies, and not
liable to be sued civilly for  damages  caused  by  the  neglect to
perform this duty, unless the action be expressly given by stat-
ute  *  *  *  It is said for the plaintiff that  the legislature, by
Section 50 of the act entitled 'An act concerning roads and high-
ways  in  Contra  Costa  county' (St. 1875-76, p. 237), has made
that county responsible in damages  for  injuries  resulting from
defective bridges therein.   The section reads as follows:   "The
county  is  responsible  for  providing  and  keeping  passable
and in good repair bridges and all public highways; and the su-
pervisors  must  appoint  semi-annually a  special  meeting, at
which the road overseers, on days set apart for their respective
districts, to hear highway and  bridge  reports  and  complaints
from officers and citizens, when such  orders must  be made and
such action had regarding the  same  as  the  public  welfare de-
mands.'   It is not an easy  matter  to say exactly what this lan-
guage does mean, but  we  are  inclined  to  think  that its effect,
which is in harmony with previous  provisions  of  the  act, sim-
ply is  to put upon the county, through its supervisors and road
overseers, the responsibility and  duty  of keeping passable and
in good  repair  all  bridges  and  public  highways  within  the
county.   It certainly does not say  that  the  county shall be re-
sponsible in damages for a failure to keep the bridges in repair

nor, in our opinion, is such the effect of the language used."
If the language in the act there quoted is insufficient to impose
a liability upon the county for injuries caused by a defective
bridge, the provisions of our statute are clearly insufficient.
The legislature not having, in terms, imposed this liability
upon counties, we must, under the great weight of authority,
hold that no such liability exists in this state. The order of
the circuit court sustaining the demurrer is affirmed.