WILLIAM BLAIN, Appellant, v. THE INCORPORATED TOWN OF MONTEZUMA, Appellee.

**Municipal corporations:** STREET LIGHTS: OBSTRUCTION: NUISANCE: LIABILITY OF CITY. The fact that a city so lights its streets that the shadow of large trees standing therein obstructs the light, so that the effect at the intervals of comparative darkness may be to measurably blind a traveler as to approaching vehicles, does not constitute a violation of the statute requiring cities and towns to keep their streets free from nuisance, and the city is not responsible in damages for an injury thus occasioned.

**Same:** DISCRETION: JUDICIAL CONTROL. Courts will not undertake to control an exercise of the discretionary power given a city or town to light its streets, either as to the extent or the method of lighting adopted.

*Appeal from Poweshiek District Court.*—HON. B. W. PRESTON, Judge.

TUESDAY, FEBRUARY 7, 1911.

ACTION to recover damages on account of injuries to plaintiff's horse, resulting from an accidental collision while being driven in the nighttime along the street of the defendant town. The alleged negligence of defendant consisted in failure to properly light the street. A demurrer to plaintiff's petition was sustained and judgment ren-

dered for defendant, from which plaintiff appeals.—*Affirmed.*

*J. M. Goodson,* for appellant.

*Talbott & Talbott and J. W. Carr,* for appellee.

McCLAIN, J.—While plaintiff. was driving a horse along a street of the defendant town, one Sterns, who, as alleged, was driving a horse and vehicle in a careless and reckless manner along said street in the opposite direction and upon the wrong side of the street, ran the shafts of his vehicle into the plaintiff's horse, causing the damage complained of. The alleged negligence of the defendant town contributing to the injury consisted in the fact that, although the town had undertaken to light said street and to secure safety to travelers thereon, it failed in its duty to reasonably light the same; such failure being caused by the use of lights of low and insufficient power, placed at too great a distance apart at the extreme outer edge of the street, and in permitting the trunks of large trees and their branches to obstruct the light, with the result that at intervals between the lights, and where such lights were obstructed by the trees, a traveler on the street was blinded by passing from the light into the darkness; the street being thus rendered unsafe for travel. Plaintiff alleged that the acts of the town in these respects created a nuisance. The demurrer challenged the sufficiency of plaintiff's petition to show negligence or the existence of a nuisance, and also interposed the objection that the alleged negligence of the town was not the responsible and proximate cause of the injury.

I. It is provided in Code, section 753, that cities and towns shall have the care and supervision and control of their streets, and cause the same to be kept open and in repair and free from nuisance; but no breach of this duty

is alleged in plaintiff's petition, unless the trees along the
1. MUNICIPAL sides of the streets or the shadows cast by
CORPORATIONS:
street lights: them into the streets, where their trunks
obstruction:
nuisance: and branches intercepted the street lights con-
liability of
city. stituted a nuisance. It is admitted by coun-
sel for appellant that trees along the side of the street of a
city or town do not constitute a nuisance *per se*. No sys-
tem of lighting has yet been devised which will prevent
the trunks and branches of trees which stand between the
traveled portions of the street and the sidewalks from cast-
ing shadows, either in the street or across the sidewalks.
We should be unwilling to adopt any ruling which would
necessitate the destruction of all the trees between the lot
lines, in order to avoid the casting of shadows into the
street or across the sidewalk. Such shadows are necessarily
incident to the artificial lighting of streets, no matter
how carefully it may be devised. It is equally impossible,
in pursuance of the methods of lighting in common use
which are practicable in the ordinary residence streets of a
city or town, to adopt any system of lighting which will
not occasion contrasts of high light and comparative dark-
ness in the intervals between the lights, so that the effect
on the traveler at the intervals of comparative darkness
may be to measurably blind him as to vehicles approach-
ing. It seems very clear to us that the shadows of trees
and the intervals of comparative darkness between the lights
did not constitute nuisances which the defendant was bound
to abate, and for the natural consequences of which it could
be held responsible in damages.

II. Cities and towns are given power to light their
streets (Code, section 756), but no duty is expressly im-
posed upon them to do so. Counsel for appellant concedes
2. SAME: that mere failure to undertake the duty of
discretion:
judicial lighting any particular streets can not, in
control. the absence of some peculiar condition ren-
dering it necessary to light in order to render the streets

safe for travel, constitute negligence; and he does not contend that there was any peculiar condition of this street rendering lights necessary to ordinary safety of travel. He does contend, however, that as the defendant town had undertaken to light the street it was negligent in providing an inefficient system of lighting. But it is well settled that the exercise of the power given to a city or town to light its streets rests in the discretion of the corporation, and that the conferring of such power does not give rise to an absolute obligation, either as to the extent or the method of lighting to be adopted. It is not left with the courts to say how the lights shall be distributed or how any particular street shall be lighted. *Wolf v. District of Columbia,* 21 App. D. C. 464 (69 L. R. A. 83). In general, the exercise of power to light its streets is left discretionary with the city. *Canavan v. Oil City,* 183 Pa. 611 (38 Atl. 1096); *Freeport v. Isbell,* 83 Ill. 440 (25 Am. Rep. 407); *Lyon v. Cambridge,* 136 Mass. 419; *Vincennes v. Thuis,* 28 Ind. App., 523 (63 N. E. 315); *Vincennes v. Spees,* 35 Ind. App. 389 (74 N. E. 277); *Hazelrigg v. Frankfort,* 29 Ky. Law Rep. 207 (92 S. W. 584); 3 Abbott, Mun. Corp. 2290; Elliott, Streets, 623.

As the plaintiff's petition does not state facts tending to show that the defendant town permitted a nuisance in its streets or was negligent in failing to make them safe for travel, we need not discuss the question of proximate cause. The judgment is *affirmed.*