[S. F. No. 6533. Department Two.—May 27, 1915.]

## JAMES COFFEY, Appellant, v. CITY OF BERKELEY (a Municipal Corporation), Respondent.

MUNICIPAL CORPORATIONS—DUTY TO CONSTRUCT BRIDGES.—A municipal corporation is not required by the common law to build or maintain a bridge across a stream within its borders or bordering upon them. Its duty in that respect is entirely statutory.

ID.—LIABILITY TO ONE INJURED BY ABSENCE OF BRIDGE.—A complaint against a municipal corporation the charter of which did not impose upon it the duty to build or maintain bridges, based upon its alleged failure to bridge a creek, whether within its boundaries or adjoining them, and a failure to light the place where the street along which the plaintiff was traveling ends and the creek exists, but not alleging a duty upon the part of the defendant to erect or maintain a bridge, does not state a cause of action.

ID.—EXTENT OF PROTECTION REQUIRED.—Such complaint is defective in failing to allege that defendant totally failed to guard against accidents although it alleges that at the place where the accident occurred the banks of the creek were steep and dangerous and the failure of the city to maintain signals, lights, **or** other warnings.

ID.—EXONERATION OF OFFICERS BEFORE LIABILITY RESTS ON CITY.—The act of 1911 (Stats. 1911, p. 1115) provides that a municipal corporation shall be liable for an injury on a public street only in the event that the officer charged with the duty of repairing a street should have no notice of the condition which gave rise to the accident, and a complaint to state a liability against a city should state facts exonerating the officer or board charged with the care of the street.

APPEAL from a judgment of the Superior Court of Alameda County.    W. H. Waste, Judge.

The facts are stated in the opinion of the court.

Keogh & Olds, Reed, Black, Reed & Bingaman, and De-Lancey C. Smith, for Appellant.

Redmond C. Staats, City Attorney, and F. W. Dorn, for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment entered as a consequence of the sustaining of a demurrer to his complaint.

The action was for damages due, as alleged, on account of injuries sustained by plaintiff in an accident which resulted from the fall into Cordonices Creek of an automobile in which he was a passenger. The plaintiff in his complaint alleged that Cornell Avenue "at its point of intersection with Cordonices Creek, within the boundaries and limits of said city of Berkeley was in a dangerous and defective condition, in this, that said defendant with full knowledge of the condition of said Cornell Avenue had failed and neglected to erect or maintain any bridge or other structure over said Cordonices Creek, at said point of intersection with Cornell Avenue over and along which the public might travel; that said Cordonices Creek at the said point aforesaid, has a deep channel, to wit, about fifteen feet below the grade of said Cornell Avenue, and the banks thereof are steep and dangerous; that said defendant at all of the time herein mentioned failed to keep or maintain any signals, lights, or other warnings, to notify the public or persons traveling over and along said Cornell Avenue of the dangerous and defective condition thereof at the point above mentioned." It is further alleged that on a certain date, after dark, when the dangerous and defective condition of the street was not visible to persons passing along and over

it, plaintiff and his companions in an automobile were, by reason of the dangerous and defective condition of said Cornell Avenue where it intersects Cordonices Creek, precipitated over the bank into the bottom of the creek; and that at the time of the accident Cornell Avenue was being carefully used by plaintiff.

The demurrer was both general and special. Respondent insists that no duty rests upon the defendant or its officers to build or maintain bridges either within its own municipal boundaries, or across a stream which is a boundary between it and another political subdivision of the state; and that it is not required by any law to maintain signals, lights, or other warnings of the natural dangers existing at the intersection of the avenue with the creek.

We are asked by respondent at the outset to take judicial cognizance of the fact that Cordonices Creek is not wholly within its municipal territory but is the boundary line between the city of Berkeley and the city of Albany at the point of intersection with Cornell Avenue. (Stats. 1909, p. 1212.) We find no necessity for exercising the right invoked by respondent, because, even assuming that the allegations of the complaint bring the entire crossing of the street with the creek within the limits of the city of Berkeley, and treating the creek as a waterway intersecting the street within the city, we are compelled to agree with the views taken by the court below.

A city was under no duty at common law to build bridges within its limits or across bordering streams. (5 Cyc. 1054.) Under the charter of Berkeley that municipal corporation is given authority and dominion over its streets and doubtless that authority would extend to the erection of bridges wholly within the corporate limits of the city, but in no instance is the city obligated by law to build or to maintain any such structure. Judge Dillon in his work on Municipal Corporations says that the duties and the powers of cities with reference to bridges are entirely statutory, there being no common law liability with respect to the repair of bridges. In *Barnett* v. *Contra Costa County,* 67 Cal. 78, [7 Pac. 177], it was held that a county is not responsible *in damages* even for its failure to keep in repair an existing bridge, and in *Winbigler* v. *Los Angeles,* 45 Cal. 37, it was decided that, even conceding that a correlative duty to keep the streets in repair arose from

the authority to repair them, nevertheless the duty rested upon the city council and not upon the city. But appellant pins his faith upon an act relating to the liability of public officers for damages resulting from defects or dangers in streets, etc. (Stats. 1911, p. 1115.) This statute provides that if in consequence of the dangerous or defective condition of any street any one shall suffer injury to his person, no officer who has charge of or whose duty it is to care for or repair such street shall be liable for such injury unless such officer shall have had actual notice of the defective condition of the street and shall have failed for a reasonable time after notice to repair the same (provided he had authority to remedy the condition and funds were available for that purpose), and provided further that the damage was sustained while the street was being carefully used and due caution exercised to avoid the danger, but in all such cases (to quote directly from the statute) ''damage may be recovered against the county, city, or city and county as in ordinary actions for damages.'' Appellant insists that this statute gives a right of action against any municipality for any injury received by reason of the defective condition of a highway within the limits thereof, and that the authorities cited have ceased to be of any value. But even if we concede that position, appellant's pleading is not aided because he does not count upon a defective condition of the highway, but a failure to bridge a creek and a further failure to light the place where the street ends and the creek exists. In deciding to erect a bridge a public corporation is exercising discretionary power. Action or nonaction in that regard can lead to no liability. (3 Abbott on Municipal Corporations, sec. 1024.) The complaint alleges no duty upon the part of the defendant to erect or maintain a bridge, and we find no such duty imposed by law; therefore in the allegations with reference to the absence of a bridge at the intersection of the street with Cordonices Creek, the complaint fails to state a cause of action.

Nor does it appear from the pleading that defendant is liable for failure to maintain signals, lights, or other warnings at the intersection of Cornell Avenue and Cordonices Creek. The manner and extent of protection against possible accidents within its borders and upon its streets are both confided so largely to the discretion of a municipal corporation that courts will seldom hold such a corporation responsible

for failing to supply more elaborate and complete protection. (4 Dillon on Municipal Corporations, 5th ed., sec. 1696.) In Iowa it has been held that it is not left to the courts to say in what particular manner a city may exercise its power to provide for the illumination of its streets. (*Blain* v. *Town of Montezuma*, 150 Iowa 142, [Ann. Cas. 1912D, 430, 32 L. R. A. (N. S.) 543, 129 N. W. 808].) It is true that the pleading here under consideration does contain the averment that at the place where the accident occurred the banks of the creek were steep and dangerous, but it does not contain any allegation either that the street was an improved, much used highway or that no protection whatever was provided for the traveling public. It may even be that some physical barrier was maintained, so far as anything in the complaint is concerned. The pleader predicated negligence upon the failure of the city to maintain signals, lights, or other warnings. As the sort of safeguard lay largely within the discretion of the defendant, the complaint to be sufficient should have contained a statement that defendant totally failed to guard against accidents.

Thus far we have discussed the complaint upon the assumption that the statute of 1911 gave full authority to any one injured on a public street to sue the municipality. An examination of that enactment will show at once, however, that the city was to be liable only in the event that the officer charged with the duty of repairing a street should be innocent of knowledge or notice of the condition of that street from which the accident became possible. In order, therefore, to state the city's liability the complaint should aver facts exonerating the officer or board charged with the care and repair of the street in question. No such allegations appear in the pleadings and for that reason also the demurrer was properly sustained.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.