[Civ. No. 7148.   Fourth Dist.   Feb. 21, 1964.]

D. S. RICHARDS et al., Plaintiffs and Appellants, v. CITY OF TUSTIN et al., Defendants and Respondents.

Miller, Nisson, Kogler & Wenke and William F. Wenke for Plaintiffs and Appellants.

Rourke & Holbrook and James G. Rourke for Defendants and Respondents.

COUGHLIN, J.—The plaintiffs are the owners of a parcel of property in the City of Tustin; own and operate a restaurant thereon; brought this action in declaratory relief seeking to compel the city to furnish their propery with sewage disposal service or deannex it from the city; and appeal from a judgment of dismissal entered upon an order sustaining a general demurrer to their complaint with leave to amend, which they refused to do.

The subject property was annexed to the City of Tustin in 1957 as uninhabited territory. The plaintiffs unsuccessfully objected to the annexation upon the ground, among others, that the city then was unable to supply necessary sewage disposal services for their restaurant. Thereafter they supplied their own sewerage facilities. During a part of this time septic tanks on their land supplemented by septic tanks on adjoining land were used for this purpose. In August 1960, the right to use the adjacent land was terminated. Since then, because of the soil condition of the plaintiffs' land which is incapable of disposing of the effluent from the septic tanks thereon, the plaintiffs have been forced to pump and remove the sewage from those tanks. This has required an expenditure of $900 per month, which the plaintiffs claim is prohibitive and will result in the loss of their business. The plaintiffs have been informed "that steps will be taken by certain parties to abate the unsanitary, unhealthy and noisy situation" resulting from this method of disposition. Negotiations between the plaintiffs and the City of Tustin to effect a method whereby the sewage in question might be disposed of reached a stalemate when the plaintiffs concluded that a proposal by the city would effect only temporary relief and

would not eliminate the noise and odor factors which were a source of health and noise problems.

It appears that the City of Santa Ana has a sewer line in a street bounding the plaintiffs' property but will not permit the plaintiffs to discharge the sewage from their property into its line until the property is annexed to that city.

The plaintiffs requested the City of Tustin to deannex their property so that it might be annexed to the City of Santa Ana. Although the fact is not alleged in the complaint, it is asserted in the briefs herein without contradiction that this request for deannexation was denied.

█ On appeal the plaintiffs concede the validity of the 1957 annexation; in substance, also concede that the City of Tustin may not be required to furnish their property with sewage disposal services; do not claim that the action of the city in refusing to deannex that property was fraudulent; but contend that the court should order such a deannexation because (1) the refusal of the city to do so, in effect, deprives them of their property, which is a wrong for which there should be a remedy; and (2) the city is under an obligation to do so because the necessity therefor has been occasioned by its action.

The principles upon which the plaintiffs rely are not applicable to the instant case. If they are about to lose their property because its operation will result in the creation of a nuisance, or because of the prohibitive cost involved in maintaining the present sewage disposal system, their loss will not be due to the failure of the city to fulfill any legal obligation upon its part. █ A city is not required by statute or by common law to furnish its inhabitants with sewage disposal facilities. (Cf. *Coffey* v. *City of Berkeley*, 170 Cal. 258, 260 [149 P. 559]; 18 McQuillin on Municipal Corporations (1950) § 53.119.) This is not a case similar to that cited by the plaintiffs, *viz., People* v. *City of Los Angeles*, 83 Cal.App. 2d 627, 643 [189 P.2d 489], where a city maintained sewer lines that collected sewage, and for this reason was under an obligation to provide facilities to dispose of the sewage so collected. In the cited case the city created the need. █ In the instant case the necessity for a sewage disposal system was created by the operation of the plaintiffs' business and not by any action of the city.

█ Annexation and deannexation proceedings are governed by statute. (Gov. Code, tit. 4, div. 2, pt. 2.) The plaintiffs' property would be subject to those provisions thereof

relating to uninhabited territory. (Gov. Code, § 35303.) One method of deannexing such property would be to have it annexed to another city. (Gov. Code, § 35300 et seq.) To effect such, among other things, the legislative body of the city in which the property is located must consent thereto. (Gov. Code, § 35304.) This was the method proposed by the plaintiffs to effect the deannexation of their property from the City of Tustin.[1] However, the legislative body of that city refused to consent thereto. ■ Whether property should be deannexed from a city, as well as whether it should be annexed thereto, are legislative rather than judicial questions. (*People* v. *Palm Springs,* 51 Cal.2d 38, 45 [331 P.2d 4].) ■ The wisdom or expediency of a particular deannexation is a matter for determination by the local legislative body and, in the absence of a fraudulent abuse of or failure to comply with the statutory provisions governing such, its decision in the premises is not subject to judicial review. (*People* v. *Palm Springs, supra,* 51 Cal.2d 38, 45; *People* v. *City of Los Angeles,* 154 Cal. 220, 224 [97 P. 311].) ■■ To effect the deannexation of property by judicial decree in order to permit its annexation to another city, where the legislative body of the city in which the property is located has withheld its consent thereto, would constitute a substitution of the judgment of the court for that of the legislative body; would violate the foregoing rule; and, for this reason, should be denied.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

---

[1]Another method of deannexation is provided by sections 35500 et seq. of the Government Code, which does not require consent of the legislative body of the city in which the subject property is located. The complaint herein does not allege any attempted deannexation through this method and it must be assumed that the plaintiffs have not taken advantage of all of the statutory remedies available to them. Whether consent of the legislative body of the City of Tustin to annex the plaintiffs' property to the City of Santa Ana would be required after deannexation of the property from the City of Tustin depends upon the application of section 35304.5 of the Government Code to facts which do not appear from the complaint.