[S. F. No. 2262. Department Two.—January 30, 1903.]

## CYNTHIA A. CARROLL, Respondent, v. G. N. BRIGGS et al., Appellants.

CONTRACT—PLEADING—EVIDENCE—WRITTEN AGREEMENT.—In an action for breach of contract, though the complaint does not allege whether or not the contract is in writing, the plaintiff may introduce evidence of a written contract.

ID.—CONSIDERATION — AIDER OF COMPLAINT BY ANSWER — OBJECTION UPON APPEAL FOR FIRST TIME—ESTOPPEL.—The objection that the complaint, in failing to allege a written contract, should have alleged a consideration for the contract, cannot be allowed to be urged by defendant for the first time upon appeal, after a trial upon the merits without objection to the complaint, where the answer aided the complaint by alleging the contract, and the defendant permitted the contract to be proved, and a finding to be made thereon without objection.

APPEAL from a judgment of the Superior Court of Napa County. E. D. Ham, Judge.

The facts are stated in the opinion.

Theo. A. Bell, and John T. York, for Appellants.

The agreement is not alleged to have been in writing, and therefore a consideration should have been alleged. (*Acheson* v. *Western Union Tel. Co.*, 96 Cal. 644; *Moore* v. *Wad-*

*dle,* 34 Cal. 146, 147; *McFadden* v. *Crawford,* 39 Cal. 662; *Henke* v. *Eureka Endowment Assn.,* 100 Cal. 429; *Goddard* v. *Fulton,* 21 Cal. 437; *McCarty* v. *Beach,* 10 Cal. 461; *Shafer* v. *B. R. & A. W. & M. Co.,* 4 Cal. 296; Bliss on Code Pleading, sec. 268; Boone on Code Pleading, sec. 19; Maxwell on Code Pleading, p. 82; 4 Ency. of Pleading and Practice, p. 928; Van Santvoord's Pleading, pp. 216, 217.) The objection that the complaint does not state a cause of action is not waived by failure to object thereto in the court below. (Code Civ. Proc., sec. 434; *Ryan* v. *Holliday,* 110 Cal. 335; *Barney* v. *Vigoreaux,* 92 Cal. 631.) The doctrine that a defective pleading may be cured by verdict has no application where there is an entire absence of a material allegation. (*Barron* v. *Frink,* 30 Cal. 489; *Morgan* v. *Menzies,* 60 Cal. 341; *Richards* v. *Travelers' Ins. Co.,* 80 Cal. 505; *Dodge* v. *Kimple,* 121 Cal. 580.)

Webber & Rutherford, for Respondent.

If the complaint was defective, it was cured by the answer, and the judgment upon the merits. (*Flinn* v. *Ferry,* 127 Cal. 648; *Schenck* v. *Hartford Fire Ins. Co.,* 71 Cal. 28; *Cohen* v. *Knox,* 90 Cal. 266; *Shively* v. *Semi-Tropic L. & W. Co.,* 99 Cal. 259; Pomeroy's Remedies and Remedial Rights, sec. 579; *Daggett* v. *Gray,* 110 Cal. 169.) If a demurrer had been sustained, plaintiff would have amended to supply the alleged defect. It cannot be urged upon appeal for the first time that the complaint does not allege a consideration for the contract averred in the complaint and answer. (*Gordon* v. *Clark,* 22 Cal. 533; *Lee* v. *Figg,* 37 Cal. 328; [1] *Russ L. & M. Co.* v. *Garrettson,* 87 Cal. 589.)

COOPER, C.—This action was brought to recover of defendants, as copartners, damages sustained by plaintiff in the loss of certain unthrashed grain, by reason of the defendants' breach of contract in failing to thrash the same within the time specified in the contract. The case was tried before the court, findings filed, and judgment thereupon entered for plaintiff.

This appeal is from the judgment on the judgment-roll alone. The findings are not challenged, nor is it claimed

---

[1] 99 Am. Dec. 271, and note.

that the judgment is not the legal conclusion from the facts found. The sole point made by defendants is, that the complaint does not state facts sufficient to constitute a cause of action in this, that the agreement to thrash plaintiff's grain is not alleged to have been in writing, and therefore a consideration should have been alleged. As this point is raised here for the first time, in view of the rule that all presumptions are in favor of the judgment, we might presume that the agreement was in writing. It is not alleged as to whether or not it was a written agreement, and the proof, for aught that appears, may have shown it to have been in writing. Under the allegation that plaintiff and defendants made an agreement, the plaintiff could have introduced evidence of a written agreement.

But, aside from this, it is too late now to raise the question. This is not a judgment by default, but a judgment after a trial upon issues. No demurrer was filed, and no question as to the complaint raised in the court below. No objection was made to the evidence upon the ground that the complaint does not state a cause of action. The defendants answered, and in their answer they alleged that they undertook and agreed to thrash the grain, and that plaintiff's husband "agreed to pay defendants therefor the sum of sixty dollars per day for each and every day required to perform said work, and to pay to defendants any and all damage resulting from breakage or other injury to the machinery while performing said work."

It is well settled here that a complaint which is defective, or which lacks the averment of a fact essential to a cause of action, may be so aided by the averment of the fact in the answer as to uphold a judgment thereon. (*Flinn* v. *Ferry*, 127 Cal. 648, and cases cited.)

It is equally well settled that in case the defendant goes to trial upon the theory that there is a material issue, and allows evidence to be received upon such issue without objection in any way, and the court makes a finding upon such evidence, upon the theory that the proper issue is made by the pleadings, with no objection from either party, the parties will not, nor will either of them, be allowed here for the first time to say there was no such issue. (*McDougald* v. *Hulet*, 132 Cal. 163, and cases cited; *Barbour* v. *Flick*, 126 Cal. 632.)

We are aware that there are cases in which the defendant may, after judgment, make the point here that the complaint fails to state facts sufficient to constitue a cause of action. But the rule does not apply to the facts disclosed by this record. We cannot allow the defendants to treat an issue as made by their answer, allow evidence to be introduced upon it, and, after the plaintiff has been put to the expense of a trial, and judgment rendered in her favor, to say here for the first time that the complaint does not show that the agreement was based upon a consideration. The ends of justice would not be subserved by such rule.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      McFarland, J., Henshaw, J., Lorigan, J.