[Civ. No. 2706.   First Appellate District, Division Two.—February 19,
1919.]

WILLIAM SOUTH, Respondent, v. COUNTY OF SAN
BENITO et al., Defendants; T. H. FRENCH et al.,
Appellants.

[1] PLACE OF TRIAL—DEFENDANT AGAINST WHOM CAUSE OF ACTION NOT
STATED—RIGHT OF CODEFENDANT.—The joinder, as defendant, of one
against whom no cause of action is stated does not deprive other
defendants of the right to have the action tried in the county of their
residence.

[2] MUNICIPAL CORPORATIONS—CARE OF BRIDGES AND STREETS—NEGLIGENCE OF OFFICERS—NONLIABILITY.—In the absence of a statutory provision declaring otherwise, a municipal corporation in California is not liable in damages for the neglect of its officers or agents in the maintenance or care of streets or bridges.

[3] ID.—COUNTIES—JOINT BRIDGE—FAILURE TO MAINTAIN—NONLIABILITY FOR ACCIDENT.—Neither a county nor its board of supervisors is liable for personal injuries received by one who, while riding in an automobile, was precipitated into the bed of a creek, the center line of which was the dividing line between this county and another, the accident having occurred in the latter county and the embankment over which the automobile was precipitated being in that county, and the accident having been caused by the failure to maintain a bridge over the creek as had formerly been done, there being no showing of a joint duty imposed by law upon the boards of supervisors of the two counties to construct the bridge, in the absence of an allegation in the complaint that they had come to an agreement as to the proportion of cost to be borne by each county and that funds were available for the construction of the bridge.

[4] ID.—LIABILITY OF PUBLIC OFFICERS—RULE.—Under the law of this state, before a public official becomes liable for a breach of duty, the duty must be plain and mandatory, the means and ability to perform it must exist, and it must be such as not to involve the exercise of any discretion on his part, either as to its performance or nonperformance or as to the manner of its performance.

[5] ID.—POWERS OF SUPERVISORS—NONLIABILITY.—Other than the power given by section 2713 of the Political Code to the boards of supervisors of two counties to construct a bridge across the line between the counties and to apportion the cost as previously agreed, the supervisors of one county had no authority to repair the road in the other county where the accident occurred, or to place warning signals thereon, and they cannot, therefore, be charged with liability under the provisions of section 1 of the act of April 26, 1911 (Stats. 1911, p. 1115).

[6] CHANGE OF PLACE OF TRIAL—FICTITIOUS DEFENDANTS.—A fictitious defendant who has not been brought into court cannot be regarded in considering a motion for a change of venue.

[7] NEGLIGENCE—PLEADING—COMPLAINT INSUFFICIENT.—Although it is not necessary for the term "negligence" to be used in pleading, it is necessary for it to appear by direct averment that acts causing an injury were done negligently, where the facts do not state a cause of action unless done negligently, unless the facts themselves necessarily exclude any hypothesis other than that of negligence.

APPEAL from an order of the Superior Court of Santa Clara County refusing to change place of trial.  P. F. Gosbey, Judge.  Reversed.

The facts are stated in the opinion of the court.

Geo. W. Jean, Wyckoff & Gardner, Snook & Church and A. D. Shaw for Appellants.

D. M. Burnett and James P. Sex for Respondent.

LANGDON, P. J.—This is an appeal from the superior court of the county of Santa Clara refusing to change the place of trial of this action to San Benito County.  The action is one to recover damages for personal injuries sustained by the plaintiff in an accident in which an automobile in which he was riding plunged over a precipice into the bed of San Felipe Creek.  It is alleged that the center line of San Felipe Creek is the boundary line between the counties of San Benito and Santa Clara; that a county road and public highway led from Hollister in San Benito County to Gilroy in Santa Clara County and that for many years prior to January 1, 1914, there had been a bridge across San Felipe Creek at the point where said creek was crossed by said road, which bridge was maintained by the two counties jointly as a part of said road; that after January 1, 1914, no bridge was maintained at said point and no means were provided for crossing the creek, but that at the point where the bridge had formerly been there existed on each side of the creek from January 1, 1914, to June 29, 1914, a sheer drop of about twenty-five feet from the surface of the roadway to the bed of the creek, a condition dangerous to persons traveling over the road; that immediately before reaching the declivity on the San Benito side there was a small and narrow board or scantling placed across the road, but no other barriers and no lights; that on the night of June 29, 1914, plaintiff, riding in an automobile as the guest of the defendant J. A. Phippen, who was driving from Hollister toward Gilroy, was precipitated over the declivity on the San Benito side, whereby he received the injuries complained of.  It is also alleged that it was the duty of the defendant counties and the defendant supervisors of both counties to replace said bridge and repair

said highway and make the same passable, but because of their negligence, carelessness, and wrongful failure to replace said bridge and repair said highway and make the same passable, plaintiff sustained the injuries of which he complains.

It appears that the appellants are the five members of the board of supervisors of San Benito County, and that they are all residents of San Benito County. The other defendants in the action were: County of San Benito, county of Santa Clara, H. S. Hersman, A. L. Hubbard, H. M. Ayer, John Roll, and R. E. Mitchell, personally and as members of and constituting the board of supervisors of the county of Santa Clara, and J. A. Phippen and John Doe.

Appellants urge that their motion in the court below should have been granted, for the reason that there is no cause of action stated against the defendants other than themselves, and that such other defendants are, therefore, improperly joined.

[1] It is settled that the joinder as party defendant of one against whom no cause of action is stated does not deprive the other defendants of the right to have the action tried in the county of their residence. (*Donohoe* v. *Wooster et al.,* 163 Cal. 114, [124 Pac. 730] ; *Bartley et al.* v. *Fraser et al.,* 16 Cal. App. 560, [117 Pac. 683].)

It seems clear, under the decisions, that no cause of action exists against the county of Santa Clara or against the supervisors of said county, either individually or by virtue of their office.

On the question of the liability of the county, we have the following language in *Brunson* v. *City of Santa Monica,* 27 Cal. App. 89, [148 Pac. 950] :

[2] "In the absence of a statutory provision declaring otherwise, a municipal corporation in California is not liable in damages for the neglect of its officers or agents in the maintenance or care of streets or bridges (*Winbigler* v. *City of Los Angeles,* 45 Cal. 36) ; nor for such negligence committed while engaged in repairing a sewer. (*Chope* v. *City of Eureka,* 78 Cal. 588, [12 Am. St. Rep. 113, 4 L. R. A. 325, 21 Pac. 364].) The case at bar comes within the doctrine of these cases of nonliability. The complaint does not definitely state for what purpose the so-called 'dump' was being maintained; but it is stated that the dump was a public work of the city and that the plaintiff was compelled, as well as permitted, to use it.

This implies the use of a power of compulsion for some public reason, such as the exercise of the police power for protection of the public health. The decisions in other states, to which we are referred in the brief of appellant, show that there is a conflict of decision on the question here presented; but it is equally clear that the rule in this state is as above stated.

"An attempt has been made to modify by statutory provisions the rule of law above stated. An act approved April 26, 1911 (Stats. 1911, p. 1115), is entitled: 'An act relating to the liability of public officers for damages resulting from defects and dangers in streets, highways, public buildings, public work or property.' . . .

"Here we have an act which in its title purports to deal with the liability of public officers for damages resulting from certain specified causes. This cannot by any process of reasoning be made to include the subject of liability of the public corporations in whose service such officers may be. The act is void as to any purported legislation therein contained attempting to create a new rule of liability as against such corporations."

The entire matter is carefully considered in the case of *Chafor* v. *City of Long Beach*, 174 Cal. 478, [Ann. Cas. 1918D, 106, L. R. A. 1917E, 685, 163 Pac. 670], and it is stated that in so far as municipal corporations exercise powers conferred on them for purposes essentially public, they should be deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless by statute the action is given.

To the same effect is the case of *Coffey* v. *City of Berkeley*, 170 Cal. 258, [149 Pac. 559].

[3] We next come to consider the liability of the supervisors of Santa Clara County. The accident occurred in San Benito County and the embankment over which the automobile was precipitated was on the road in San Benito County. There is no dispute about these facts. The theory upon which the supervisors of Santa Clara County was sought to be held is that there was a joint duty imposed by law upon the boards of supervisors of these two counties to construct the bridge, and that their liability arises from their failure to do so before the accident occurred.

[4] It has been held in this state that before a public official becomes liable for a breach of duty, the duty must be plain and mandatory, the means and ability to perform it must exist, and it must be such as not to involve the exercise of any discretion on his part, either as to its performance or non-performance or as to the manner of its performance. (*Doeg* v. *Cook*, 126 Cal. 213, [77 Am. St. Rep. 171, 58 Pac. 707]; *Taylor* v. *Manson*, 9 Cal. App. 382, [99 Pac. 410].) In *Taylor* v. *Manson, supra*, the court said:

"As the members of the board are public officers, with their duties prescribed by law, and as the other defendants are sureties on their official bonds, they can only be held for nonfeasance as to some act or duty required of the board by reason of their office, or for the negligent performance of some act or duty where the act or duty is plain. It is only where the duty is plain and certain and such duty is negligently performed or not performed at all, that the officer is held liable to a private individual. If the act is a matter of discretion, or the officer has not the means or ability to perform it, he is not liable nor are his sureties on his official bond. (*Doeg* v. *Cook*, 126 Cal. 213, [77 Am. St. Rep. 171, 58 Pac. 707]; Shearman & Redfield on Negligence, sec. 340, and cases cited; *Robinson* v. *Chamberlain*, 34 N. Y. 389, [90 Am. Dec. 713]; Elliott on Roads and Streets, 506.) The reason for the rule is plain. An officer is a public servant. His remuneration is often small. His implied agreement is to faithfully perform the duties required of him by law."

The only statute in force imposing any duties on boards of supervisors in reference to the construction or maintenance of county boundary line bridges is found in section 2713 of the Political Code, and is as follows: " . . . Bridges crossing the line between counties must be constructed by the counties into which such bridges reach, and each of the counties into which any such bridge reaches shall pay such portion of the cost of such bridge as shall have been previously agreed upon by the boards of supervisors of said counties. . . . "

There is no allegation in the complaint that the two boards had come to an agreement as to the proportion of the cost to be borne by each county, or that there was any fund available for the construction of the bridge by the two boards, or at all. It does not appear, then, that the construction of this bridge was the plain, certain, and ministerial duty of the

supervisors of Santa Clara County. Until an agreement has been reached by the two boards, it would seem that neither board has the power to expend the county moneys for such work, and in reaching the agreement provided for by the Political Code, clearly the boards would be exercising a legislative discretion.

[5]   Other than the power given by the above-quoted section to agree with the supervisors of San Benito County upon the division of the cost of a bridge crossing the county line, the supervisors of Santa Clara County clearly had no authority to repair the road in San Benito County where the accident occurred, or to place warning signals thereon, and they, therefore, cannot be charged with liability under the provisions of section 1 of the act of April 26, 1911 (Stats. 1911, p. 1115), hereinbefore referred to.

However, while it was contended in the briefs that the counties and the supervisors were liable, it was admitted by counsel for respondent upon the oral argument of this case that there was no cause of action against either the counties or the supervisors of Santa Clara County, and so it is unnecessary for us to discuss these questions further.

[6]   A fictitious defendant, John Doe, was named, and it was alleged that he was the roadmaster for the defendant French in the supervisorial district in San Benito County. Apart from the fact in this case that the uncontradicted affidavit of Mr. French appears in the record to the effect that there was no roadmaster in his district at any of the times mentioned in the complaint, and it would seem, therefore, that this defendant is fictitious in fact as well as in name, it has been held that fictitious defendants who have not been brought into court are not to be regarded in the consideration of the motion for change of venue. (*Yuba County* v. *North American etc. Co.,* 12 Cal. App. 223, [107 Pac. 139].)

The one remaining question in the case and the one that is decisive of this appeal is whether or not a cause of action is stated against the remaining defendant, J. A. Phippen, and to that question we shall direct our attention. The allegations of the complaint with reference to defendant Phippen are as follows:

"That on the night of June 29, 1914, at the hour of about 11:55 o'clock, this plaintiff was the guest of, and riding with, said J. A. Phippen, who was then and there driving his auto-

mobile along said highway in said San Benito County, in the direction of Gilroy; that said Phippen was so driving said automobile at a prudent rate of speed; that this plaintiff was unacquainted with the condition of said road and the danger incident to traveling thereon, and to the absence of said bridge, and the existence of said drop or declivity from said roadway to the bed of said creek.

"That as the said automobile approached said point where said bridge had formerly been, and where said road formerly crossed said creek, no lights or other barriers were displayed or shown to warn the traveling public of the danger there present.

"That immediately before reaching said declivity or drop there was placed across said road a small and narrow board or scantling, but the same bore no lights or other signals, and the same was not visible to this plaintiff until said automobile had collided therewith, although the lights of said automobile were burning brightly, and although the plaintiff was constantly on the alert for possible danger.

"That the said defendant, J. A. Phippen, while so operating said automobile and while approaching said point, did fail to observe said scantling or board, and did so operate his said automobile as to come in collision with said board, or scantling, so set across said road, and that as soon as said Phippen so came in collision with said scantling, he, the said Phippen, attempted to stop said automobile, but failed to do so, before the same reached said drop or declivity, and that when the automobile reached said drop or said declivity, it was precipitated over said bank," etc.

Plaintiff then states the nature of his injuries and damage, and continues in his complaint, as follows: "That at all times herein mentioned it was the duty of the defendant counties, and the duty of all of the other defendants, *except the defendants John Doe and J. A. Phippen*, as supervisors, to replace said bridge and repair said highway, and make the same passable, etc."

We fail to find in the above, either an allegation of negligence or any allegations of fact from which negligence can be inferred. On the contrary, the complaint alleges that the said Phippen was driving his automobile "at a prudent rate of speed"; that "there were no lights or other barriers dis-

played to warn the traveling public of the danger there present''; that the narrow board or scantling was placed across the road and bore no lights or other signals and the same was not visible to the plaintiff until the automobile had collided therewith, although the plaintiff was constantly on the alert for possible danger. These allegations would seem to negative rather than to assert negligence on the part of the defendant Phippen.

[7] Although it is not necessary for the term ''negligence'' to be used in pleading, it is necessary for it to appear by direct averment that the acts causing the injury were done negligently, where the facts stated do not constitute a cause of action unless done negligently, unless the facts themselves necessarily exclude any hypothesis other than that of negligence. (*Silveira* v. *Iverson,* 125 Cal. 266, [57 Pac. 996].) It should appear in what respects the defendant was negligent and that such negligence had a causal connection with plaintiff's injury. (*Lang* v. *Lilley and Thurston Co.,* 20 Cal. App. 264, [128 Pac. 1031].) While it is sufficient to allege negligence in general terms, the particular act alleged to have been negligently done must be specified. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 147, [34 Pac. 618, 36 Pac. 407].)

We think this pleading does not meet the general rule or the rule laid down in this state. A demurrer to the complaint on the part of defendant Phippen would have to be sustained. A cause of action not being stated against Phippen, there remain no other defendants except those who are nonresidents of the county in which the action was brought; this being true, the motion for a change of venue should have been granted. The order appealed from is reversed, with directions to the court below to grant appellants' said motion.

Brittain, J., and Haven, J., concurred.